42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BELOIT CORPORATION; Tokyo Marine & Fire Insurance Company,
Plaintiffs-Appellees,
v.
WESTWOOD SHIPPING LINES, in personam; M/V WESTWOOD JAGO, in
rem, Defendants-Appellants.
 No. 93-35469.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1994.
Decided Dec. 1, 1994.
 
 Before: BROWNING and CANBY, Circuit Judges, and HUFF,* District Judge.
 MEMORANDUM**
 The parties are familiar with the facts of this case and they will not be repeated here. This case comes to us after partial summary judgment by the district court dismissing Westwood's COGSA package liability-limitation defense. On appeal we are asked to consider two issues. First, did the district court err in concluding that the notice provision in the bill of lading was illegible? Second, may Westwood Shipping Lines invoke the $500.00 per package damage limitation of Sec. 4(5) of the Carriage of Goods by Sea Act ("COGSA") by showing that even if it had given Mitsubishi a "fair opportunity" to declare a higher value and purchase insurance, Mitsubishi clearly would not have taken advantage of this opportunity?
 We conclude that the district court clearly erred in finding that the notice provision was illegible. On the issue of legibility, the evidence in the record consisted of: (1) an affidavit from a certified ophthamologist who testified that an average person viewing the bill of lading in good light could read the provision in question; (2) testimony from the only person from Mitsubishi who saw the document that he could make out the characters in the document (the person does not read English); and (3) the bill of lading.
 Of this evidence, the only possible support for the district court's ruling lies in the bill of lading itself. But the bill of lading is legible. There is no doubt that the print on the bill of lading is very small and faint, and does not encourage one to read the document. Moreover, it is clear from the document itself and the commercial practices of shippers and carriers that the print was never intended to be read. Nevertheless, it can be read with the unaided eye. The record also shows that the provision is legible to the general population.
 Within the context of invoking the COGSA limitation in commercial transactions, showing that a notice can be read with the unaided eye is sufficient to show legibility. Mori Seiki USA, Inc. v. M.V. Alligator Triumph, 990 F.2d 444, 449 (9th Cir.1993). This proposition does not, of course, mean that print of the same size and color in a different context would provide adequate notice to a consumer. But we must understand legibility under the realities of modern shipping practices. Because the document plainly can be read with the unaided eye, we conclude that the district court clearly erred in its finding that the provision was not legible.
 We decline to reach the second issue, because our ruling regarding legibility places the case in a very different posture and it may never be necessary to reach the question of the role of causation.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3